IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN M. MARTIN,**<br><br>Plaintiff,<br><br>v.<br><br>**SUPER 8 NILKHANT d/b/a SUPER 8 BY WYNDHAM NEW STANTON and NILKHANT, INC.,**<br><br>Defendants. | Case No. 2:22-cv-1288<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES the Plaintiff, John M. Martin, by and through his attorney, Ryan A. Notzen, Esq., of Manes & Narahari LLC, and files this Complaint alleging as follows:

### I. Nature of the Action

1. Plaintiff brings this Complaint to recover damages under Title VII of the Civil Rights Act of 1964., and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. § 951 *et seq.* Plaintiff alleges that he was discharged due to his sexual orientation

### II. Jurisdiction and Venue

2. This action arises under the Title VII and the Rehabilitation Act of 1973. This Court has jurisdiction over Plaintiff's discrimination claims pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

4. Plaintiff is a resident and citizen of Pennsylvania, a substantial part of the events or omissions giving rise to the claims occurred in Western Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

5. Plaintiff filed a timely charge with the Equal Employment Opportunity Employment Commission ("EEOC") regarding his allegations under Title VII on November 1, 2021, under charge number 533-2021-00234. *See Exhibit 1*.

6. Plaintiff was mailed Notice of Right to Sue from the EEOC on June 15, 2022. This Complaint has been filed within ninety (90) days of Plaintiffs receipt making this action timely. *See Exhibit 2*.

### III. Parties

7. Plaintiff, John Martin ("Plaintiff"), is an adult individual with a primary residence located at 205 Howell Street, Dawson, PA 15428.

8. Defendant, Super 8 Nilkhant d/b/a Super 8 By Wyndham New Stanton ("Super 8"), is a Pennsylvania business corporation with a regular place of business located at 103 Blair Boulevard, New Stanton, Pa 15672.

9. Defendant, Nilkhant, Inc. ("Nilkhant Inc."), is a foreign business entity with a regular place of business located at 216 Franklin Street, Johnstown, PA 15901.

### IV. Facts

10. Defendant Nilkhant, Inc. is the owner of Defendant Super 8.

11. Plaintiff was hired by Defendants on or around August 4, 2021, as a Front Desk Clerk.

12. Plaintiff's partner at the time, Jacob T. Sallee, and Plaintiff were residents at the Super 8 while they were employed there.

13. At the time Plaintiff moved into the Super 8, the Super 8 pet policy allowed for pets to also reside in the hotel room.

14. Plaintiff had two dogs residing in the room with him.

15. On or about August 9, 2021, Plaintiff became aware of his immediate supervisor, Wilma Clark, and two employees, Michelle and Lois (last names unknown) were publicly talking about their concerns of Plaintiff's sexual orientation.

16. Plaintiff specifically heard Clark say "they shouldn't be gay, it's wrong."

17. During one public conversation, a hotel guest confronted Clark about the remarks she was making about Plaintiff and Sallee.

18. In response, Clark shouted at the guest that "if they are gay, they deserve to be homeless."

19. For the duration of Plaintiff's employment, hotel guests and other staff members overheard Clark's remarks about Plaintiff and Sallee and continued to bring complaints against her behavior, such as leaving negative reviews against Clark.

20. Plaintiff became aware that Clark was deleting or editing the reviews that were directed towards her that were negative.

21. Plaintiff confronted Clark about editing and deleting the negative reviews, but Clark ignored Martin.

22. Clark also edited the negative reviews to make it appear as though the reviews were about Plaintiff.

23. Plaintiff was able to see the negative reviews on his personal computer prior to the reviews being deleted or altered.

24. On or about September 14, 2021, Clark unilaterally changed the Super 8 pet policy.

25. Plaintiff was given until the morning of September 17, 2021 to find alternate housing for his dogs.

26. On September 17, 2021, while attempting to find alternate housing for his dogs, Wilma Clark and Kelly Clark, Wilma's daughter-in-law, confronted Plaintiff and Sallee and told them they had to be moved out by 11:00 a.m.

27. Sallee was working while Plaintiff was moving their belongings from the room.

28. Sallee punched out to help Plaintiff.

29. Kelly Clark told Sallee to throw our belongings into the grass.

30. After Sallee punched out to help, Kelly Clark told Sallee that his punching out meant that he had resigned.

31. Sallee did not have the intention of resigning.

32. On or around October 1, 2021, Plaintiff was terminated from his employment with Defendant for refusing to allow a hotel guest to use his personal cell phone to make a call.

33. It was not a requirement of Plaintiff's employment to allow others the use of his personal cell phone.

34. In or around October 2021, Plaintiff applied for a job at Fairfield Marriot, another hotel, in which he was denied a position.

35. After speaking with the hiring manager, Beth, at the Fairfield Marriot, Plaintiff learned that Wilma Clark had recommended to Beth to not hire Plaintiff.

36. Beth apologized and stated that Clark had intentionally interfered with the hiring process at the Fairfield Marriot.

## COUNT I
### Gender/Sexual Orientation Discrimination in Violation of Title VII of the Civil Rights Act of 1964

37. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

38. Defendant Super 8 constitutes an employer within the meaning of Title VII.

39. Defendant Nilkhant, Inc. constitutes an employer within the meaning of Title VII.

40. Plaintiff was an employee of Defendant within the meaning of Title VII.

41. Plaintiff had no verbal or written disciplinary warnings preceding her constructive discharge.

42. Title VII of the Civil Rights Act of 1964 prohibits discrimination against employees on the basis of sex.

43. To establish a prima facie case of sex discrimination under Title VII, a plaintiff must show: "(1) he is a member of a protected class; (2) he was qualified for the position he sought to attain or retain; (3) he suffered an adverse employment action; and (4) the action occurred under circumstances that could give rise to an inference of intentional discrimination." Trapani v. Greatwide Logistics Services, LLC, 487 Fed. Appx. 21, 23–24 (3d Cir. 2012) (unpublished) (citing Makky v. Chertoff, 541 F.3d 205, 214 (3d Cir.2008)).

44. Here, Plaintiff had made his sexual orientation known by Super 8.

45. Super 8 had singled out Plaintiff, a known member of the LGBTQ+ community.

46. As a result, Plaintiff was discriminated against on the basis of his sexual orientation.

47. Plaintiff was terminated from his employment with Defendant because he failed to conform to the gender stereotypes that Wilma Clark openly spoke about.

48. The foregoing misconduct by Defendants was undertaken with malice and/or reckless indifference to Plaintiff's rights protected under state and federal law to be free from discrimination.

## COUNT II
**Hostile Work Environment in Violation of Title VII of the Civil Rights Act of 1964**

49. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

50. Title VII of the Civil Rights Act of 1964 prohibits discrimination in the form of creation of a hostile work environment. To establish a prima facie case that a sex-based hostile work environment existed under Title VII, a plaintiff must show that: "(1) he suffered intentional discrimination because of his sex, (2) the discrimination was pervasive and regular, (3) the discrimination detrimentally affected him, (4) the discrimination would detrimentally affect a reasonable person of the same sex in that position, and (5) the existence of respondeat superior liability." Baumbarger v. New Enterprise Stone and Lime Co. Inc., 170 F. Supp. 3d 801 at 805 (2016).

51. It is established that there was pervasive discrimination against Plaintiff. Plaintiff was forced to work for Defendant, who discriminated against him on the basis of his sexuality.

52. The Third Circuit has established a "reasonable person" standard in relation to Title VII constructive discharge claims. See Goss v. Exxon Office Sys. Co., 747 F.2d 885, 888 (3d Cir. 1984) (holding "[t]he court need merely find that the employer knowingly permitted conditions

of discrimination in employment so intolerable that a reasonable person subjected to them would resign.").

53. As stated above, Defendant was well aware of Plaintiff's orientation and chose to single him and Martin out.

54. The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Plaintiff's rights protected under federal law to be free from discrimination.

## COUNT III
### Gender/Sexual Orientation Discrimination in Violation of the PHRA

55. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

56. Defendant Super 8 constitutes as an employer within the meaning of the PHRA.

57. Defendant Nilkhant, Inc. constitutes as an employer within the meaning of the PHRA.

58. Plaintiff had no verbal or written disciplinary warnings preceding his termination.

59. The analytical framework used to evaluate a claim under the PHRA is effectively indistinguishable from that under Title VII. See Jones v. Sch. Dist. of Philadelphia, 198 F.3d 403, 409 (3d Cir. 1999).

60. Because Plaintiff is able to state a case for wrongful termination in violation of Title VII, he is also able to state such a claim under the PHRA.

61. The foregoing misconduct by Defendants was undertaken with malice and/or reckless indifference to Plaintiff's rights protected under state and federal law to be free from discrimination.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor, and against Defendant, and award all damages available at law and equity, including:

a) Lost back pay resulting from Defendant's constructive discharge of Plaintiff;

b) Lost front pay continuing into the future for Defendant's unlawful conduct;

c) Compensatory damages, including emotional damages and humiliation;

d) Punitive damages to punish Defendant's conduct and to deter similar future conduct;

e) Costs for bringing this action;

f) Attorney's fees;

g) Pre-judgment and continuing interest; and

h) Any other relief that this Court deem necessary and proper.

Respectfully Submitted,

 /s/ Ryan Notzen
**Ryan A. Notzen, Esq.**
PA ID No. 330471
**Manes & Narahari, LLC**
Law & Finance Building
301 Grant St., Ste 270
Pittsburgh, PA 15219
(412) 626-5570 Direct
(412) 650-4845 Fax
rn@manesnarahari.com

## VERIFICATION

I, John M. Martin, swear under penalty of perjury under the laws of the United States of America that the facts alleged in the foregoing Complaint are true and correct to the best of my knowledge.

*JMM*
_____
John M. Martin